United States District Court

Eastern District of California

James D. Maciel,

      Plaintiff,                          No. Civ. S 02-0473 MCE PAN P

  vs.                                  Order

Ana Ramirez Palmer, et al.,

      Defendants.

-oOo-

    Plaintiff, a state prisoner proceeding without counsel in this civil rights action, was incarcerated at California Medical Facilty (CMF) from 1995 until he was transferred to High Desert State Prison (HDSP) in September 2001.  In October of 2003, plaintiff was transferred to Pleasant Valley State Prison in Coalinga.

    In his March 6, 2002, complaint plaintiff alleges he has been diagnosed with cancer and pulmonary disease, prison officials fail to enforce no-smoking policies, he has been

involuntarily exposed to environmental tobacco smoke (ETS) since becoming a state prisoner in 1986, and defendants have consciously disregarded the serious risk of future harm to plaintiff's health.  Plaintiff seeks damages.

January 18, 2005, defendants moved for leave to conduct a medical physical examination of plaintiff pursuant to Fed. R. Civ. P. 35(a).  Plaintiff opposed in part, asking that the court order such examination take place at his prison, to alleviate peril to his fragile health from transporting him to another location.

By order of April 13, 2005, the court denied the motion for a medical examination without prejudice.  The court invited defendants to renew their motion, imposing two provisos.  First, a new motion should specify the "time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made."  <u>See</u> Fed. R. Civ. P. 35(a).  Second, it should explain why the requested examination cannot be made at plaintiff's prison and, if so, suggest appropriate provision for any legitimate concern for plaintiff's health and safety that could be created by transporting him to another location for the examination.

June 17, 2005, defendants renewed their motion for a medical examination.  The renewed motion satisfies the first proviso, indicating what the medical physical examination would entail (viz., pulmonary function tests) and its time, place and manner. The motion fails to meet the second proviso, however, because it

proposes the testing be conducted in Fresno, California but does not address testing at PVSP is unfeasible.  Nor does it propose arrangements to ensure the transportation and testing will be conducted in the safest, least burdensome manner.

    Accordingly, defendants' June 16, 2005, motion for medical physical examination is denied, again without prejudice. Defendants may renew their motion, explaining why the testing cannot be accomplished at PVSP and if so, proposing a schedule for moving plaintiff, housing him if necessary, and returning him to his cell at PVSP in order to minimize any danger to plaintiff's health.  To simplify scheduling, defendants may propose a period of two weeks during which the testing will be accomplished, but they must explain how long plaintiff will be away from PVSP and where he will be housed if he cannot be transported and returned in a single day.

    So ordered.

    Dated:  February 14, 2006.

                                /s/ Peter A. Nowinski
                                PETER A. NOWINSKI
                                Magistrate Judge