IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES D. MACIEL,

    Plaintiff,                               No. CIV S-02-0473 MCE PAN P

    vs.

ANA RAMIREZ-PALMER, et al.,        ORDER

    Defendants.

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff was incarcerated at California Medical Facility (CMF) from 1995 until he was transferred to High Desert State Prison (HDSP) in September 2001.  In October of 2003, plaintiff was transferred to Pleasant Valley State Prison in Coalinga.  Defendants are correctional officials at CMF and HDSP.

        In his March 6, 2002 complaint plaintiff alleges he has been diagnosed with cancer and pulmonary disease, prison officials fail to enforce no-smoking policies, he has been involuntarily exposed to environmental tobacco smoke (ETS) since becoming a state prisoner in 1986, and defendants have consciously disregarded the serious risk of future harm to plaintiff's health.  Plaintiff seeks damages.

        The record reflects that since his transfer to PVSP, plaintiff's access to his legal

materials has been problematic, although as of March 31, 2004 the court determined plaintiff had not established the court need intervene.

Plaintiff initiated this action on March 6, 2002. On April 18, 2005, defendants served a first set of requests for production of documents on plaintiff. On May 4, 2005, defendants served plaintiff with first and second sets of interrogatories. Defendants' discovery requests plaintiff to produce copies of all documents bearing on this action or supporting his claims, and to explain how each document pertains to the case. At plaintiff's deposition,[1] plaintiff acknowledged receipt of the discovery requests but told counsel during the deposition he would do so.

On June 23, 2005, defendants filed a motion to dismiss this action as a sanction for plaintiff's failure to respond to discovery. Defendants note that generally a prior court order is required before a party can move for dismissal as a sanction, but argue that under Fed. R. Civ. P. 37, a party may move for sanctions where the party has made no response to interrogatories or requests for production of documents. See, e.g., Fed. R. Civ. P. 37(d); Hilao v. Estate of Marcos, 103 F.3d 762, 764-65 (9th Cir. 1996); Unigard Security Ins. Co. v. Lakewood Eng. & Mfg. Corp., 982 F.2d 362, 368 (9th Cir. 1992).

On November 21, 2005, plaintiff opposed dismissal. He attaches documentation reflecting the ongoing problems he claims to have faced at PVSP in accessing his legal material and obtaining paper, pens, and law library time and services.

To warrant dismissal, this court must find plaintiff's failure to respond to defendants discovery requests was "willful," that is, in "bad faith," or "disobedient conduct not shown to be outside the control of the litigant." In addition to finding willfulness, the court must

---

[1] Although defendants provided pages from what appear to be the deposition transcript from plaintiff's abbreviated deposition, defendants did not inform the court on what date plaintiff was deposed, nor did counsel include a cover sheet or signature sheet such that the court could determine the date of the deposition. Presumably the deposition occurred at some point after May 4, 2005 and before counsel filed the instant motion on June 23, 2005.

find dismissal is warranted under the balancing test governing dismissals under Fed. R. Civ. P. 41(b).

The Federal Rules of Civil Procedure provide for dismissal of actions based on lack of prosecution. Fed. R. Civ. P. 41(b). Pro se litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). In determining whether to dismiss for lack of prosecution, generally the court considers (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. See, e.g., Al-Torki v. Kaempen, 78 F.3d 1381, 1384 (9th Cir. 1996). The court may dismiss a case _sua sponte_ for lack of prosecution by the plaintiff. Hamilton Copper & Steel Corp. v. Primary Steel, Inc., 898 F.2d 1428 (9th Cir. 1990). _Sua sponte_ dismissal requires a "close focus" on consideration of "less drastic alternatives" and whether or not there has been a "warning of imminent dismissal of the case." Oliva v. Sullivan, 958 F.2d 272, 274 (9th Cir. 1992).

In determining that the action against defendant Pollard should be dismissed, the court has considered all the factors set forth in Al-Torki. The first two factors on their face favor the imposition of sanctions in this case, given plaintiff's failure to respond in a case he has brought, despite the court providing him additional time and despite the court's denial of his request to stay this action.[2] Compare Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir. 1990). However, the court notes that the discovery deadline in this action was recently extended to June 1, 2006 and the dispositive motions deadline was extended to August 1, 2006. Thus, the factor concerning management of this court's docket is not presently a problem. And, while counsel may believe he's prejudiced by the delay in this case, pro se cases are often delayed for various reasons, including an inmate's inability to access his legal materials. One could argue that this

---

[2] By order filed June 1, 2005, the court found plaintiff had received access to his legal materials on numerous occasions and would continue to receive such access if he complied with procedural requirements. (Id. at 1.)

1  matter was unreasonably delayed by defendants' choice to file a motion to dismiss as a discovery
2  sanction rather than filing a motion to compel plaintiff to respond to the outstanding discovery
3  requests.  Much time has been spent arguing over whether or not plaintiff has had access to his
4  legal material, rather than just responding to the discovery requests at issue.

5  The fourth factor favors resolution on the merits.  A review of the docket
6  demonstrates plaintiff wants to continue prosecuting his case but believes he is being unduly
7  restrained from his legal materials.  Moreover, in plaintiff's November 21, 2005 reply, he alludes
8  to certain medical conditions that impact his ability to meet certain court deadlines.[3]  At present,
9  this record does not support the harsh sanction of dismissal.

10  Finally, the court focuses on the fifth Al-Torki factor and warning regarding
11  imminent dismissal, as required by Oliva.  Plaintiff is correct that he has not received any
12  warning that his case would be subject to dismissal should he fail to respond to discovery.[4]  The
13  Court of Appeals for the Ninth Circuit has made it clear that district courts are required to warn
14  litigants of an imminent dismissal of their actions.  See Hamilton v. Neptune Orient Lines, Ltd.,
15  811 F.2d 498 (9th Cir. 1987).  This court's practice is to provide such warning to pro se litigants.
16  Although it appears plaintiff has not responded to defendants' discovery requests, plaintiff has
17  filed an opposition to the motion to dismiss and has repeatedly filed motions and requests for
18  extensions of time based on his perceived lack of access to his legal materials.

19  In light of this record, the court will deny defendants' motion to dismiss plaintiff's
20  action as a discovery sanction without prejudice to its renewal should plaintiff fail to comply
21  with this order.
22  / / /
23

24  [3] Plaintiff notes he has cancer, asthma, bronchitis and presently uses 4 different inhalers. (Id. at 9.)  It appears plaintiff is confined to a wheelchair.  (Decl. of Paul Sanchez at 3 (Docket
25  No. 88-2 at 3.)

26  [4] However, in the court's October 29, 2004 Discovery Order, the parties were informed that if discovery disputes arose, the parties were required to comply with, inter alia, Fed. R. Civ. P. 37.  (Id. at 2.)

1          However, plaintiff is advised that the court will tolerate no further delay in
2  responding to the outstanding discovery requests.  Pursuant to the declaration of J. Hurl,
3  Correctional Sergeant at Pleasant Valley State Prison, there is an appointment procedure in place
4  to allow plaintiff access to his legal materials.  Sgt. Hurl declares that plaintiff has been informed
5  of the procedure.  (Decl. of J. Hurl at 2 (Docket No. 93, Ex. B at 14.)  During that briefing,
6  plaintiff attempted to obtain a permanent access appointment status, but was informed that
7  permanent appointments are "not possible due to the high volume of inmate arrivals and
8  departures through R&R."  (Id.)  However, plaintiff was also informed that "additional
9  arrangements may be made in the event [plaintiff] demonstrates an established court deadline and
10  or defined need."  (Id.)
11          Plaintiff states he submitted a request for access to his legal materials immediately
12  after he received defendants' first request for production of documents.  Plaintiff states Sgt. Hurl
13  acknowledged receipt of plaintiff's request (Id. at 2.), but when no response was received,
14  plaintiff submitted four additional requests through May and June, 2005, but cannot recall the
15  exact dates.  (Pl.'s November 21, 2005 Opp'n at 4.)  Although Sgt. Hurl included statements he
16  obtained from interviewing the Facility C Program Sergeant McGahn as to plaintiff's alleged
17  efforts to access his legal materials, defendants have not provided nonhearsay evidence
18  supporting their claim that plaintiff has failed to meet a number of scheduled appointments to
19  review his legal materials and had only submitted four requests to do so.  (See Hurl Decl. at 2.)
20  On September 29, 2005, in support of their opposition to plaintiff's motion to stay this action,
21  defendants filed a declaration by the PVSP Litigation Coordinator Paul Sanchez.  (Id., Docket
22  No. 88-2 at 2-4.)  Mr. Sanchez recounts various statements provided him by Officer Mendenhall,
23  Officer Conception, Officer Garcia, Officer Martin and Officer Gomez, but no declarations from
24  these eyewitnesses were provided.  (Id.)
25          In light of the above, the court will issue an order to compel plaintiff to respond to
26  defendants' April 18 and May 4, 2005 discovery requests forthwith, but in no event shall plaintiff

1 respond later than twenty days from the date of this order.  Plaintiff is advised that he need only
2 produce documents within his possession and control.  Plaintiff's discovery responses may
3 indicate no such documents exist.
4     Plaintiff is cautioned that he must comply with the procedures in place to facilitate
5 his access to legal materials.  Counsel for defendants will be directed to exercise his best efforts
6 to ensure plaintiff is provided expedited access to his legal materials relevant to the instant
7 action, as well as paper and pens, so this case is not delayed any further than necessary.
8     Plaintiff is warned that failure to timely comply with this order will result in a
9 recommendation that this action be dismissed for his failure to prosecute this action.  Plaintiff
10 has now had almost eight months to respond to these discovery requests, so no further extensions
11 of time should be required.  This court will not be inclined to grant further extensions in this
12 case, which has been pending for almost four years.
13     Moreover, plaintiff is advised that should he attempt to later use documents to
14 support his case that he has failed to turn over to defendants through discovery, he will risk the
15 imposition of sanctions, including an order excluding such evidence, or dismissal of his case.
16     Accordingly, IT IS HEREBY ORDERED that:
17     1. Defendants' June 23, 2005, motion to dismiss this case as a discovery sanction
18 is denied.
19     2. Plaintiff shall respond to defendants' April 18 and May 4, 2005 discovery
20 requests forthwith, but in no event shall he respond later than twenty days from the date of this
21 order.
22     3. Counsel for defendants is directed to exercise his best efforts to ensure plaintiff
23 / / /
24 / / /
25 / / /
26 / / /

1 is provided expedited access to paper and pens and to his legal materials relevant to the instant
2 action.
3 DATED: March 7, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

/001;maci0473.dsm