IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES D. MACIEL,

    Plaintiff,                              No. CIV S-02-0473 MCE PAN P

    vs.

ANA RAMIREZ-PALMER, et al.,        ORDER AND

    Defendants.                   FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that his rights under the Eighth Amendment have been violated by his involuntary exposure to environmental tobacco smoke (ETS) since becoming a state prisoner in 1986. Plaintiff alleges that he has been diagnosed with cancer and pulmonary disease, and he seeks damages. Several matters are pending before the court. The court turns first to defendants' motion to dismiss this action pursuant to Fed. R. Civ. P. 7 and 37 and Local Rule 11-110 as a sanction for plaintiff's failure to comply with respond to defendants' discovery requests and this court's order to provide discovery responses.

        Defendants filed their motion on April 7, 2006. Plaintiff's opposition to said motion was due April 28, 2006. (See Order filed September 19, 2003, at ¶ 7; Local Rule 78-230(m).) On May 1, 2006, plaintiff filed a document styled as a "motion to reserve his right to

respond to defendants' motions. . . ." Plaintiff has not, however, filed a substantive opposition to defendants' motion to dismiss.

Plaintiff takes the position in both that document and his previously filed motion to stay[1] that he continues to be without adequate access to either his legal material or to pen and paper with which to prepare a response. Plaintiff's position is simply not credible. Plaintiff has been able to prepare numerous documents seeking in one way or another to postpone resolution of this action. What he has been unwilling to do is prepare any substantive response to discovery or to matters pending before the court that aid in moving this case forward toward resolution. Plaintiff has been given an opportunity to file a substantive opposition to defendants' motion to dismiss, and it is apparent that he does not consent to dismissal of this action. However, review of this record shows that no purpose would be served in delaying this matter further to allow plaintiff additional time to file a substantive opposition to the motion to dismiss. The court will, therefore, make findings and recommendations thereon on the record before the court.

Plaintiff filed this action on March 6, 2002. On April 18, 2005, defendants served plaintiff with a first set of requests for production of documents. On May 4, 2005, defendants served plaintiff with first and second sets of interrogatories. By said requests, defendants sought copies of all documents bearing on this action or supporting his claims, and an explanation of how each document pertains to this action. At plaintiff's May 12, 2005 deposition, plaintiff acknowledged receipt of the discovery requests and his responsibility to respond to the requests. (Attachment D to Defendants' Motion Dismiss, Deposition of James D. Maciel, at 135-36.)

On June 23, 2005, defendants filed a motion to dismiss this action as a sanction for plaintiff's failure to respond to the discovery requests. By order filed March 8, 2006, plaintiff was ordered to respond to the outstanding discovery requests forthwith but in no event later than twenty days from the date of the order. The court also directed counsel for defendants to

---

[1] Plaintiff renewed for the third time his motion to stay this action in a document filed April 6, 2006. For the reasons set forth herein, this court will recommend said motion be denied.

"exercise his best efforts to ensure plaintiff is provided expedited access to paper and pens and to his legal materials relevant to the instant action. Defendants' motion to dismiss was denied without prejudice to its renewal if plaintiff failed to comply with the March 8, 2006 order.

On March 24, 2006, plaintiff served on defendants a response to his request for production of documents in which he stated simply that "after careful review of plaintiff's legal material that was issued to him, plaintiff could not find any substantial documents in his personal possession" and that the documents defendants were seeking could be "found within plaintiff's central file and medical records, which of course, are under the direct control & supervision" of defendants. (Attachment E to Defendants' Motion to Dismiss.) Defendants represent that with respect to the interrogatories plaintiff responded only that he could not answer them because they were no longer in his possession. (Defendants' Motion to Dismiss, at 4.) Defendants again seek dismissal of this action "as a sanction for Plaintiff's failure to comply with the Court's order and for his willful refusal to respond to Defendants' request for production and interrogatories in a full, fair and legally recognized manner." (Id.)

The sanction of dismissal is an available remedy for failure to comply with a court order to respond to discovery. See Fed. R. Civ. P. 37(b)(2)(C). As this court explained in the March 8, 2006 order, to warrant dismissal, this court must find plaintiff's failure to respond to defendants discovery requests was "willful," that is, in "bad faith," or "'disobedient conduct not shown to be outside the control of the litigant'." Henry v. Gill Industries, Inc., 983 F.2d 943, 948 (9th Cir. 1993) (quoting Fjelstad v. American Honda Motor Co., 762 F.2d 1334, 1341 (9th Cir. 1985). In addition, to finding willfulness, the court must weigh five factors to determine whether to impose the sanction of dismissal, including (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. See Malone v. U.S. Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987).

/////

The first two factors favor the imposition of sanctions in this case, given plaintiff's failure to comply with a court order to respond to discovery in a case he has brought, even though he has been given substantial time to do so. This action has been pending for over four years. Discovery was originally set to close on July 1, 2005. (See Scheduling Order filed March 8, 2005, at 1.) By order filed February 8, 2006, the dates set in that scheduling order were vacated due to the pendency of a previously-filed defense motion to dismiss this action as a discovery sanction.[2] By order filed February 15, 2006, the deadline for completion of discovery was reset to June 1, 2006, a deadline that has also now expired. Plaintiff's continued efforts to delay resolution of this action run counter to both the public's interest in "expeditious resolution of litigation" and the court's ability to manage its docket. As the court noted in its March 8, 2006 order, significantly more "time has been spent arguing over whether or not plaintiff has had access to his legal material, rather than just responding to the discovery requests at issue." (Order filed March 8, 2006, at 4.)

In the court's March 8, 2006 order, the court found that neither the third factor, nor the record as a whole, yet supported the sanction of dismissal. (Id. at 4-5.) Plaintiff's willful failure to respond in good faith to discovery requests at issue after the court's March 8, 2006 order to do so changes the landscape completely. Defendants cannot defend against plaintiff's claims if plaintiff refuses to disclose to them the evidence that he contends supports those claims. Plaintiff's assertion that defendants can go through plaintiff's central file and medical records to find the documents plaintiff contends support his claims is a completely inadequate response and simply obstructs the orderly prosecution and resolution of this action.

As is always the case, the fourth factor favors resolution on the merits. However, for the reasons set forth supra, plaintiff's blatant, willful refusal to cooperate in discovery precludes fair resolution of this case on the merits.

---

[2] That motion was denied by this court's March 8, 2006 order.

4

Finally, the court is required to consider the availability of less drastic sanctions. Plaintiff has been warned that his case would be subject to dismissal if he failed to comply with the March 8, 2006 order. (Order filed March 8, 2006, at 6.) Plaintiff's perfunctory response constitutes non-compliance with that order. After review of the record in this action, this court concludes that plaintiff has willfully obstructed the orderly prosecution of this action, and that no meaningful sanction less drastic than dismissal is available. In particular, an order precluding plaintiff from offering evidence in this action would not serve any purpose except to require defendants to continue to defend against, and the court to maintain on its docket, claims for which only limited evidentiary support was available.[3]

For all of the foregoing reasons, this court finds that plaintiff has willfully failed to comply with this court's March 8, 2006 order to respond to discovery, that sanctions are warranted, and that no alternative sanction less drastic that dismissal is available to remedy plaintiff's egregious refusal to prosecute this action in any substantive way. Accordingly, the court will recommend that plaintiff's April 6, 2006 motion to stay this action be denied, that defendants' motion to dismiss be granted and that this action be dismissed with prejudice as a sanction for plaintiff's willful failure to comply with this court's order to cooperate in discovery.

On March 10, 2006, defendants renewed their motion to conduct a physical examination of plaintiff. On March 31, 2006, plaintiff filed an opposition to that motion. Defendants filed their reply brief on April 10, 2006. In view of this court's recommendation that this action be dismissed, defendants' motion will be denied without prejudice.

On March 27, 2006, plaintiff filed a motion to disqualify the undersigned. The motion is without merit and will be denied.

---

[3] The discovery requests at issue go to the heart of plaintiff's claims against defendants. (See Attachments A-C to Defendants' Motion to Dismiss.) A preclusion order tailored to the scope of plaintiff's refusal to respond would, per force, likely preclude plaintiff from offering any evidence in this matter with the exception of his own testimony. The record reflects that plaintiff was deposed in this action on May 12, 2005. (See Attachment D to Defendants' Motion to Dismiss.)

Finally, on May 24, 2006, defendants filed a request to modify the scheduling order in this action. Defendants seek modification of the scheduling order to allow them time following resolution of their motion to dismiss to conduct physical examination of plaintiff and, as appropriate, file a motion for summary judgment. In view of this court's recommendation that this action be dismissed, defendants' request will be denied without prejudice

In accordance with the above, IT IS HEREBY ORDERED that:

1. Defendants' March 10, 2006 motion to conduct a physical examination of plaintiff's is denied without prejudice;

2. Plaintiff's March 27, 2006 motion to disqualify the undersigned is denied;

3. Defendants' May 24, 2006 request for modification of the scheduling order is denied without prejudice; and

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's April 6, 2006 request to renew his motion to stay this action be denied;

2. Defendants' April 7, 2006 motion to dismiss be granted; and

3. This action be dismissed with prejudice. See Fed. R. Civ. P. 37(b)(2)(C).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised

/////
/////
/////
/////
/////

1 | that failure to file objections within the specified time may waive the right to appeal the District
2 | Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3 | DATED: June 15, 2006.

                                                              UNITED STATES MAGISTRATE JUDGE

7 | maci0473.dm